MATTER OF LA PIETRA

In Deportation Proceedings

A-14286377

*Decided by Board September 20, 1968*

An alien admitted to the United States in possession of a Labor certification for employment as a skilled hand tailor, who, after about 11 days, ceased her employment with the prospective employer because she could not perform all the duties as described in the request for certification made by the prospective employer and as described in her own application for certification, and who thereafter obtained employment, first as a marker at a department store, and later as a machine stitcher at a garment factory, is deportable under section 241 (a) (1) of the Immigration and Nationality Act, as amended, as one excludable at entry for lack of a valid Labor certification as required by section 212 (a) (14) of the Act.

CHARGE:

Order: Act of 1952—Section 241 (a) (1) [8 U.S.C. 1251 (a) (1)]—Excludable at time of entry—No valid Labor certification.

ON BEHALF OF RESPONDENT:
Guy A. Scutell, Social Worker
Mass. Department of Education
73 Tremont Street
Boston, Massachusetts 02108

ON BEHALF OF SERVICE:
R. A. Vielhaber
Appellate Trial Attorney

The case has been certified to us by the Immigration and Naturalization Service for review and final decision of the special inquiry officer's decision of May 7, 1968, in which he found respondent deportable as charged and granted voluntary departure with an alternate order of deportation to Italy if the respondent did not leave the United States as and when directed.

The respondent is a 29-year-old single female alien, a native and citizen of Italy, who was admitted to the United States for permanent residence on April 25, 1967. She entered the United States to perform skilled labor as a hand tailor for Screnci's, Inc., a tailoring firm in Boston, Massachusetts. A labor certification had been issued to her by the United States Deparment of Labor certifying her for employment as a skilled hand tailor.

11

In obtaining the labor certification respondent had filed with the Department of Labor Form ES 575A, "Statement of Qualifications," which set forth her qualifications as a tailor. It stated that she attended a tailoring school in Italy and also worked in Italy as a tailor for a period of time. This statement of qualifications set forth that she was capable of doing various types of tailoring work, including making and finishing button holes by hand. Screnci's, Inc. filed Form ES 575B, "Job Offer for Alien Employment," and this form set forth the qualifications necessary for the job that he offered, including the making of "Button holes (by hand)."

After being in the employ of Screnci's, Inc. for about 11 days, a number of which she did not report for work, she ceased her employment there. She was ostensibly coming to the United States to do a skilled hand tailoring operation but she admitted she could not perform the duties as described in the request for certification made by the prospective employer and as described in her own application for labor clearance. She states and admits that she cannot make button holes (Ex. 3, p. 2) and that her employer let her go principally for that reason (respondent's sworn statement of May 15, 1968; also employer's statement of August 30, 1967 (Ex. 7)). The record clearly shows that she could not perform all the duties as described and that after leaving Screnci's she obtained employment first as a marker at a department store and then later as a machine stitcher at a garment factory.

The record amply shows that she could not perform all the duties as set forth in her statement of qualifications and the job offer by Screnci's, and thus we must hold, as did the special inquiry officer, that because of this she was excludable at the time of entry because there was in effect no valid labor certification. The labor certification was based upon a skill which respondent did not possess. Also, the record shows that she has not obtained any labor clearance for these other jobs which she has held since leaving Screnci's. Since she has not complied with section 212(a)(14), Immigration and Nationality Act, which requires that she present a valid labor certification, she was excludable at the time of entry.

We will thus affirm the decison of the special inquiry officer in which he held that respondent was deportable as charged. We will not disturb his grant of voluntary departure.

ORDER: It is ordered that no change be made in the order of the special inquiry officer.