Li v. Garland
BIA
Horton, IJ
A214 624 045

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of May, two thousand twenty-one.

PRESENT:
JON O. NEWMAN,
MICHAEL H. PARK,
STEVEN J. MENASHI,
*Circuit Judges.*

———————————————————

ZENGKUI LI, AKA ZENG KUI LI,
*Petitioner*,

v. 20-301

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
*Respondent*.

———————————————————

FOR PETITIONER: Jean Wang, Wang Law Office, PLLC, Flushing, NY.

FOR RESPONDENT: Ethan P. Davis, Acting Assistant Attorney General; Anthony C. Payne, Assistant Director; Colette J. Winston, Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in remaining part.

Petitioner Zengkui Li, a native of the People's Republic of China and a citizen of Canada, seeks review of a January 21, 2020 decision of the BIA affirming an August 21, 2019 decision of an Immigration Judge ("IJ") denying his application for adjustment to lawful permanent resident status. *In re Zengkui Li*, No. A 214 624 045 (B.I.A. Jan 21, 2020), *aff'g* No. A 214 624 045 (Immig. Ct. N.Y.C. Aug 21, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The agency may adjust the status of certain aliens with immediately available immigrant visas to that of lawful permanent residents. *See* 8 U.S.C. § 1255(a). "[A]djustment of status [is] . . . a two-step process, involving first, proof of an alien's statutory eligibility

2

for the adjustment, and second, an exercise of discretion by the Attorney General as to whether to grant such relief." *Singh v. Gonzales*, 468 F.3d 135, 138 (2d Cir. 2006) (internal quotation marks omitted). The agency concluded that Li was eligible to adjust but that he did not merit adjustment as a matter of discretion. In determining whether an alien should be permitted to adjust to lawful status as a matter of discretion, the agency weighs the alien's positive attributes against any negative factors. *See Wallace v. Gonzales*, 463 F.3d 135, 137-39 (2d Cir. 2006); *Matter of Arai*, 13 I&N Dec. 494, 496 (B.I.A. 1970).

Our jurisdiction to review the agency's denial of adjustment of status is limited to colorable constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(B), (D); *Guyadin v. Gonzales*, 449 F.3d 465, 468-69 (2d Cir. 2006). We review constitutional claims and questions of law *de novo*. *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009). When assessing jurisdiction, we "study the arguments asserted . . . to determine, regardless of the rhetoric employed in the petition, whether it merely quarrels over the correctness of the factual findings or justification for the discretionary choices, in which case the court would lack

3

jurisdiction or whether it instead raises a 'constitutional claim' or 'question of law,' in which case the court could exercise jurisdiction to review those particular issues." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006); *see also Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40-41 (2d Cir. 2008).

We deny the petition as to Li's due process claims. Li argues that the IJ violated due process by conducting the hearing by videoteleconference ("VTC"). The use of VTC in immigration proceedings is permissible as long as it "accord[s] with the constitutional requirements of the Due Process Clause." *Aslam v. Mukasey*, 537 F.3d 110, 115 (2d Cir. 2008). To establish a due process claim, the alien must show that he was denied the opportunity to be heard "in a meaningful manner," *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007), and that the "alleged shortcomings have prejudiced the outcome of his case," *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008).

Li first contends that the IJ used VTC without obtaining his consent, noting that he twice objected to the use of VTC. His argument misses the mark. The statute distinguishes between video and telephone conferencing and requires consent

4

only for the use of the latter. *See* 8 U.S.C. § 1229a(b)(2)(B) ("An evidentiary hearing on the merits may only be conducted through a telephone conference with the consent of the alien involved after the alien has been advised of the right to proceed in person or through video conference.").

Li next contends that the BIA applied the wrong legal standard by analyzing whether the use of VTC was "facially unfair" rather than whether he had an opportunity to be heard. Li mischaracterizes the BIA's language. While the BIA noted that the use of VTC "does not render an immigration hearing facially unfair," it went on to state that due process in the immigration context requires a full and fair hearing with a meaningful opportunity to be heard. The BIA then dismissed the due process claim because Li failed to explain how the use of VTC denied him a full and fair hearing or prevented the IJ from fairly considering his case.

Li further argues his due process rights were violated because there were repeated technical problems with the VTC, leading the IJ to reschedule his hearing three times. Li claims that he suffered prejudice because the VTC failures inhibited the IJ's ability to analyze his nonverbal communication and caused many disruptions in his testimony,

5

which prevented the IJ from fairly assessing his credibility. Li fails to establish prejudice because the IJ's adverse credibility determination was not based on nonverbal cues. Rather, the IJ found Li not credible because his testimony was "vague, evasive, and contradictory." Li did not demonstrate that an in-person hearing would have remedied these defects in his testimony.

Li also argues that the agency violated his due process rights by relying on an Interpol Red Notice stating that Li is wanted for prosecution in China for illegally trafficking 38 people to England. He alleges that the notice contained factual errors and was not relevant to his eligibility to adjust status. Li has not identified an error of law in the admission of the notice. The Federal Rules of Evidence do not apply in removal proceedings and "[e]vidence is admissible provided that it does not violate the alien's right to due process of law." *Zhen Nan Lin v. U.S. Dep't of Justice*, 459 F.3d 255, 268 (2d Cir. 2006). Due process is satisfied "if the evidence is probative and its use is fundamentally fair, fairness in this context being closely related to the reliability and trustworthiness of the evidence." *Aslam*, 537 F.3d at 114 (internal quotation marks

omitted).

Li argues that the notice is unreliable because it is not directly from the Chinese government. While an Interpol notice is not a formal international arrest warrant, it is reliable when offered "for what it purports to be—namely, a request by a member country . . . to provisionally arrest a specifically identified person . . . pending extradition based on a valid national arrest warrant for a crime that is not political in nature." *Matter of W-E-R-B-*, 27 I&N Dec. 795, 798-99 (B.I.A. 2020).

Li also argues that the notice contained factual errors. But the agency declined to exercise its discretion because it found Li not to be credible based on his vague and evasive responses to questions about the existence of the notice.

Thus, Li's claim that the notice was not relevant to his adjustment application also fails because his credibility is relevant to whether adjustment is warranted as a matter of discretion. *See Matter of Marin*, 16 I&N Dec. 581, 584 (B.I.A. 1978) (holding that, in exercising its discretion, the agency can consider adverse factors such as "the nature and underlying circumstances of the exclusion ground at issue, the presence of additional significant violations of this

7

country's immigration laws, the existence of a criminal record and, if so, its nature, recency, and seriousness, and the presence of other evidence indicative of a respondent's bad character or undesirability as a permanent resident of this country").

Finally, Li failed to establish prejudice because the agency did not rely solely on the notice but also noted Li's evasiveness on other issues including his travel in and out of Canada and to Europe. *See Garcia-Villeda*, 531 F.3d at 149.

We dismiss the petition in remaining part to the extent Li challenges the adverse credibility determination or the agency's weighing of his equities. He argues that he was not evasive in response to questions, that the IJ gave undue weight to his lack of knowledge about the Interpol notice, and that he did not intend to be evasive when he gave vague testimony. Further, Li argues that his purported evasiveness was in response to questions regarding nonmaterial issues that the IJ should not have considered when assessing his credibility. We do not have jurisdiction to review these arguments because Li "merely quarrels over the correctness of the factual findings or justification for the discretionary

choices." *Xiao Ji Chen*, 471 F.3d at 329; *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (adverse credibility determination are factual determinations); *Guyadin*, 449 F.3d at 468-69.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in remaining part.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court